GREGORY G. KATSAS
Assistant Attorney General
DAVID J. KLINE
Director, District Court Section
Office of Immigration Litigation
GJON JUNCAJ
Senior Litigation Counsel
CHRISTOPHER W. HOLLIS, ILBN 6283101
Trial Attorney

P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-0899; FAX: (202) 616-8962

Attorneys for Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAEED AHMED,

    Plaintiff,

v.

JONATHAN SCHARFEN,
Acting Director, United States Citizenship
and Immigration Services,

    Defendant.

No. 08-cv-1680 (MHP)

**STIPULATION TO HOLD MATTERS IN ABEYANCE**

    Defendant Jonathan Scharfen and Plaintiff Saeed Ahmed hereby stipulate to hold matters in abeyance in the above-referenced case for a period of sixty (60) days from the date of issuance of an order granting the stipulated abeyance. Defendant also agrees to respond to Plaintiff's First Amended Complaint for Declaratory Judgment and Injunction at the close of this sixty (60) day period. In further support thereof, the parties say as follows:

    1. On January 14, 2000, Plaintiff was granted asylum. On February 20, 2008, he was denied adjustment of status based on inadmissibility for providing material support to a terrorist organization under INA § 212(a)(3)(B)(i)(I), 8 U.S.C. § 1182(a)(3)(B)(i)(I).

    2. On April 23, 2008, USCIS reopened the matter of Plaintiff's adjustment of status.

3. On July 15, 2008, Plaintiff filed his First Amended Complaint for Declaratory Judgment and Injunction, which alleges that the delay in adjudication his adjustment of status application violates 5 U.S.C. § 555(b), 8 U.S.C. § 1159(b), and 8 C.F.R. § 209.2.

4. Both parties recognize that the Consolidated Appropriations Act of 2008 (CAA of 2008), Pub. L. No. 110-161, Div. J, section 691(a), 121 Stat. 1844 (Dec. 26, 2007), provides expanded discretionary authority for the Secretary of Homeland Security to exempt certain terrorist-related inadmissibility grounds as they relate to undesignated terrorist organizations as defined under the Immigration and Nationality Act (INA) section 212(a)(3)(B)(vi)(III), 8 U.S.C. § 1182(a)(3)(B)(vi)(III).

5. Defendants are actively pursuing efforts to complete the adjudication of Plaintiff's adjustment of status application within sixty (60) days from the issuance of the abeyance order requested herein.

6. In the interest of judicial economy, the potential for adjudication of Plaintiff's adjustment of status application within sixty (60) days from the date of issuance of the abeyance order requested herein merits grant of the abeyance.

//
//

WHEREFORE, with good cause having been shown, the parties hereby request that this Court issue an order granting an abeyance of matters in this case for a period of sixty (60) days from the date of issuance of the abeyance order.

Dated: July 31, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General
DAVID J. KLINE
Director, District Court Section
GJON JUNCAJ
Senior Litigation Counsel

By: /s/ Christopher W. Hollis

CHRISTOPHER W. HOLLIS
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 305-0899; 616-8962 (FAX)
christopher.hollis@usdoj.gov

Attorneys for Defendant

Dated: July 31, 2008

/s/ Jonathan M. Kaufman

JONATHAN M. KAUFMAN

Attorney for Plaintiff

**ORDER**

Pursuant to stipulation, IT IS SO ORDERED.

Dated this 1st day of August, 2008

IT IS SO ORDERED
Judge Marilyn H. Patel
United States District Court
Northern District of California

STIPULATION TO HOLD MATTERS IN ABEYANCE
No. 08-cv-1680 (MHP)                                      3